## BIBLER BROTHERS LUMBER COMPANY
### et al *v.* Jimmy CHISUM

79-51                                         580 S.W. 2d 958

Opinion delivered May 21, 1979
(In Banc)

*Niblock & Odom,* for appellants.

*Dale W. Finley,* for appellee.

GEORGE ROSE SMITH, Justice. This is a claim under the workers' compensation law for compensation incident to a surgical operation for a ruptured appendix suffered by the claimant. Upon conflicting medical testimony the Commission awarded compensation. In its opinion the Commission cited seven out-of-state cases in which it was found, upon conflicting medical testimony, that a blow or strain had caused or contributed to cause appendicitis. That point is not argued here. Instead, it is insisted that Dr. Luker's testimony in favor of the award is so speculative that it cannot be regarded as substantial evidence. We agree with the Com-

mission's decision, which was affirmed by the circuit court.

Chisum was injured at work when a chain saw kicked back, with the handle striking him in the lower right side. Within a few minutes he became too ill to work and was taken to Dr. Luker's office. Dr. Luker thought that he had a contusion, possible strain, or abdominal tear to the musculature. Chisum was sent home to rest, but his condition worsened. Three days later Dr. Luker's associate diagnosed the ruptured appendix, and Dr. Bachman, a surgeon, performed the operation. It was Dr. Bachman's opinion that the claimant's work had nothing to do with his appendicitis.

Dr. Luker, a family practitioner, was of the opposite view. We do not consider his testimony as being too speculative to constitute substantial evidence. He recognized that appendicitis can be caused by a blow. He said that the time interval between the claimant's injury and the development of appendicitis was about right. He also said that the claimant's age made him favor the diagnosis of traumatic appendicitis, adding that "he's the kind that, all other things being constant, is you just wouldn't expect a diagnosis of appendicitis unless there was a trauma." He could not say with certainty that the blow caused the condition, but it was "in the degree of probability." When Dr. Luker's testimony is considered as a whole, his conclusion that the blow from the chain saw probably caused the appendicitis appears to be a reasoned conclusion rather than mere speculation.

Affirmed, with an allowance of a $250.00 attorney's fee to the appellee.

BYRD, J., dissents.